IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 10 C 3333 |
| ARISTEED CANNON,[1] | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Aristeed Cannon ("Cannon") has filed a 28 U.S.C. §2255 ("Section 2255") motion to set aside the drug conviction on which he is presently serving a ten-year statutory mandatory minimum sentence. Although the motion was received in the Clerk's Office on June 1, 2010, this Court will of course give Cannon the benefit of the "mailbox rule"--and for that purpose Cannon has filled in May 25 as the date when he placed his papers in the prison mailing system.

After Cannon's conviction and sentence were affirmed by our Court of Appeals on August 20, 2008 (539 F.3d 601), Cannon petitioned for certiorari, which was denied by the Supreme Court on April 20, 2009 (129 S.Ct. 2013). And that timing (more accurately, the untimeliness of the current filing) refutes this statement by Cannon in Motion ¶18:

---

[1] Whoever assisted Mr. Cannon by typing up the current motion misspelled his first name as "Aristide." This Court has used the correct spelling (as confirmed by his signature).

This motion is timely filed. Therefore, the 1 year limitation is not violated.

To the contrary, Section 2255(f)(1) starts the one-year limitations clock ticking on "the date on which the judgment of conviction becomes final." And on that score Justice Ginsburg stated for a unanimous court in <u>Clay v. United States</u>, 537 U.S. 522, 527 (2003)(emphasis added and numerous citations omitted):

> Here, the relevant context is postconviction relief, a context in which finality has a long-recognized, clear meaning: <u>Finality attaches when this Court</u> affirms a conviction on the merits on direct review or <u>denies a petition for a writ of certiorari</u>, or when the time for filing a certiorari petition expires.

That being so, this Court's initial consideration of Cannon's motion under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts has confirmed that "it plainly appears from the motion...and the record of prior proceedings that the moving party is not entitled to relief." Accordingly this Court complies with the mandate in that Rule 4(b) that it "must dismiss the motion and direct the clerk to notify the moving party." Both the motion and this action are dismissed with prejudice.

                                                        _____
                                                        Milton I. Shadur
                                                        Senior United States District Judge

Date: June 8, 2010